UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYSHON D. LAWS,

Plaintiff,

v.

TRANSITIONAL CENTER, INC.,

Defendant.

Case No. 25-cv-1302-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Tyshon D. Laws for leave to proceed *in forma pauperis* in this employment discrimination case (Doc. 4).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court was satisfied from Laws's affidavit that she is indigent, but it was unable to detect in her original complaint any plausible suggestion of a claim against defendant Transitional Center, Inc. for unlawful harassment, discrimination, or retaliation. It therefore

dismissed that complaint and allowed Laws to file an amended complaint, which is now before the Court.

Laws's Amended Complaint alleges the defendant treated her differently from other employees and that her supervisor did not follow company policy. She also alleges that she suffered financially from losing her job and having to search for another one, and she would like her job back with a different supervisor.

As the Seventh Circuit Court of Appeals has frequently pointed out, a court is not a "super-personnel department" that will second-guess an employer's decision, so long as that decision is not unlawful. Laws has not alleged facts to support that her termination violated federal law. She simply claims that the defendant should not have terminated her because she had not had any write-ups before her termination. This does not state a cause of action over which this Court has subject matter jurisdiction.

For this reason, the Court **DENIES** Laws's motion for leave to proceed *in forma pauperis* (Doc. 4), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: December 9, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**